# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BOBBY SWAIN,

          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

          Agency.

DOCKET NUMBER
AT-831M-15-0544-I-1

DATE: March 21, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Bobby Swain</u>, Covington, Georgia, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which found that it failed to establish the existence of a Civil Service Retirement System (CSRS) annuity overpayment. For the reasons discussed below, we GRANT OPM's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2        The appellant retired from Federal service effective June 4, 2004, under the CSRS Offset system.  Initial Appeal File (IAF), Tab 5 at 37-41.  The appellant separately applied for disability benefits with the Social Security Administration (SSA), which approved his application and began paying him those benefits in December 2004.   IAF, Tab 1 at 8.   OPM issued the appellant notice in August 2014, that his CSRS annuity would be offset by $291 each month based on his eligibility for Social Security old-age insurance benefits, and it informed him that he had received an overpayment of $12,444 because this offset should have begun when he turned 62 years old in April 2011.  *Id*. at 70-74.  OPM subsequently rescinded its overpayment notice and issued the appellant an amended notice explaining that the offset should have begun in May 2011, the month after he turned 62, and that he was overpaid by $12,153.  *Id*. at 25.  The appellant requested reconsideration from OPM, which issued a final decision affirming its finding of an overpayment of $12,153.  *Id*. at 5-10.  In its final decision, OPM explained that, although the appellant was not at fault for causing the overpayment, recovery of the overpayment would not be against equity and good conscience, and it imposed a 36-month repayment schedule.  *Id*.

¶3        The appellant timely filed an appeal challenging OPM's determination that he had received an overpayment, and arguing in the alternative that the overpayment should be waived.   IAF, Tab 1.   Following a hearing, the administrative judge issued an initial decision finding that OPM had not established the existence of an overpayment.  IAF, Tab 14, Initial Decision (ID). He found that only Social Security old-age insurance benefits could offset a CSRS annuity under 5 U.S.C. § 8349, and thus he concluded that OPM failed to prove that the appellant received such benefits beginning in May 2011.  ID at 3-5.

Rather, the administrative judge found it undisputed that the appellant received Social Security disability insurance benefits beginning in December 2004, and that he would continue to receive such benefits until he became eligible for old‑age insurance benefits upon turning 66. ID at 4 (citing 20 C.F.R. § 404.321(c)(1)) (explaining that disability benefits terminate the month before the appellant attains full retirement age), section 404.409(a)). The administrative judge thus reversed OPM's reconsideration decision without addressing whether the overpayment should be waived, or whether there should be an adjustment to the repayment schedule. ID at 5.

¶4 OPM has filed a petition for review of the initial decision, and the appellant has filed an opposition. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION

¶5 CSRS Offset generally covers employees who were hired after December 31, 1983, and were required to make Old Age, Survivor, and Disability Insurance payments into the Social Security system. *See Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶ 6 (2013). When an employee in CSRS Offset retires, OPM calculates the retirement annuity using the same method as a CSRS employee, but, when the individual becomes eligible to draw Social Security payments, the CSRS annuity payment is reduced by the amount of Social Security benefit attributed to the covered Government service. *Id.* This basic principle of CSRS Offset is codified at 5 U.S.C. § 8349, which provides in relevant part that "if an individual under [5 U.S.C. § 8402(b)(2)] is entitled, or would on proper application be entitled, to old-age insurance benefits under title II of the Social Security Act, the annuity otherwise payable to such individual shall be reduced under this section." 5 U.S.C. § 8349(a)(1). The criteria used to calculate an annuity under CSRS Offset is located at 5 U.S.C. § 8349(a)(2)-(5). *See also* 5 C.F.R. part 831, subpart J.

¶6        In his initial decision, the administrative judge found that only Social Security old-age insurance benefit payments can offset a CSRS annuity under section 8349.    ID at 3-5.    He further explained that an individual cannot simultaneously receive both old-age insurance benefits and disability insurance benefits under the Social Security Act, and that disability insurance benefits automatically convert to old-age insurance benefits once an individual reaches full retirement age.    ID at 4.    The administrative judge thus concluded that the appellant could not have been receiving old-age insurance benefits while he was receiving disability insurance benefits and that OPM therefore failed to establish that the benefits he received were benefits that would have subjected his CSRS annuity to an offset under section 8349.    ID at 4-5.    We disagree with the administrative judge that the record was sufficiently developed to make this conclusion.

¶7        For purposes of determining the appellant's annuity offset under 5 U.S.C. § 8349, we find that the record is unclear as to whether the appellant was entitled to old-age insurance benefits upon turning 62 years old.    Specifically, the appellant submitted a decision letter on appeal from SSA informing him that he was entitled to Social Security disability benefits retroactive to June 2004.  IAF, Tab 1.  However, in March 2011, SSA provided notice to OPM that the appellant was entitled to old-age benefits effective in May 2011.  IAF, Tab 5 at 35.  In computing the appellant's annuity, OPM must rely on SSA's certification of an annuitant's eligibility for old-age insurance benefits.  *See* 5 U.S.C. § 8347(m)(3). Accordingly, we remand this appeal for further factual findings regarding the appellant's entitlement to old-age insurance benefits upon turning 62 years old, including soliciting information from SSA regarding his entitlement.[2]

---

[2] The appellant has filed a motion to submit additional evidence in the form of a letter from SSA, which he states shows when his disability benefits were converted to old-age insurance benefits.    PFR File, Tab 7.    The agency also has submitted additional evidence on review.  PFR File, Tab 1.  We need not rule on the appellant's motion or consider the agency's evidence at this time, but such evidence may be relevant to the

¶8    Additionally, upon our review of the record, it appears that OPM reduced the appellant's monthly CSRS annuity in May 2011. IAF, Tab 5 at 32. Specifically, OPM's retirement calculations reflect that the appellant received $2,427 per month between December 1, 2008, and April 30, 2011, and that, effective May 1, 2011, his monthly annuity was reduced by over $500, to $1,925. *Id*. The appellant submitted corroborating evidence showing a reduction in the net annuity payment he received. *Id*. at 13-15. This reduction coincides with the appellant turning 62 years of age. *Id*. at 37 (reflecting the appellant's date of birth). There are several possible explanations for this reduction[3]; the record, however, contains no such explanation. *See Sansom v. Office of Personnel Management*, 62 M.S.P.R. 560, 563 (1994). Accordingly, on remand, the administrative judge also must determine the reason, or reasons, for the $502 reduction in the appellant's CSRS annuity payment beginning in May 2011. If the administrative judge determines that OPM indeed has proven the existence and amount of the overpayment, then he should determine whether the appellant has established an entitlement to a waiver of the overpayment or an adjustment in the repayment schedule imposed by OPM. *See Fearon v. Office of Personnel Management*, 107 M.S.P.R. 122, ¶¶ 7, 14 (2007), *modified on other grounds by Alexander v. Office of Personnel Management*, 114 M.S.P.R. 122 (2010).

---

determination on remand. Therefore, on remand, the administrative judge should afford the parties an opportunity to submit their evidence on remand, and he should consider it in determining the appellant's entitlement to old-age benefits.

[3] OPM's reconsideration decision, for example, alludes to a mistaken calculation concerning the appellant's post-1956 military service credit. IAF, Tab 5 at 10.

**ORDER**

¶9      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:             _____

William D. Spencer
Clerk of the Board

Washington, D.C.